UNITED STATES DISTRICT COURT

District of Maine

| | | |
|---|---|---|
| Nicholas A. Gladu, | X | |
|    Plaintiff | : | Case No. _____ |
| | : | |
| | : | |
| | : | Complaint for Declaratory and Injunctive |
| v. | : | Relief Challenging Restriction of Medical |
| Maine Dep't of Corrections; Ryan | : | Literature on First Amendment Grounds |
| Thornell, Deputy Commissioner; | : | |
| Randall Liberty, Warden of Maine | : | |
| State Prison; Victoria Mathiau, GRO; | : | |
| and Jackie Weddle, Librarian at MSP; | : | |
| sued in thier official capacities, | : | |
|    Defendants | X | |

1:18-CV- 00268-GZS

COUNT I

1.) This is a suit brought by Plaintiff Nicholas A. Gladu, and on behalf of others similarly situated, who seeks access to medical literature for research purposes, against defendants on grounds that the defendants have imposed and are enforcing restrictions which bar such material in violation of the First and Fourteenth Amendments to the United Stated Constitution.

2.) This action arises under the Constitution of the United States and the provisions of 42 U.S.C. §1983, as hereinafter more fully appears. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331 and 1343, and 42 U.S.C. §1983.

3.) Plaintiff Nicholas A. Gladu at all relevant times was confined by the Maine Dep't. of Corrections ("MDOC") at the Maine State Prison in Warren, Maine.

4.) Defendant Maine Dep't. of Corrections maintains and administers, and has under its control all Maine correctional institutions and their prisoners.

5.) Defendant Ryan Thornell at all times relevant was Deputy Commissioner for MDOC and was responsible for promulgating and maintaining statewide departmental regulations regarding the rights and privileges of prisoners at penal facilities under the authority of the department.

6.) Defendant Randall Liberty at all times relevant was the warden of Maine State Prison ("MSP") and was responsible for implementation of all applicable laws and regulations at MSP.

7.) Defendant Victoria Mathiau at all times relevant was the grievance review officer at MSP and was responsible for assisting in implementation of all applicable laws and regulations at MSP.

8.) Defendant Jackie Weddle at all relevant times was the librarian at MSP, and was responsible for implementation of Library Services to prisoners.

9.) On March 14, 2018, Defendant Weddle refused to provide Plaintiff medical reference material related to "Secondary Hyperparathyroidism, Hypoparathyroidism, Cystic Lesions, Basal Ganglia Calcifications, and Osteomalacia."  Defendant Weddle advised Plaintiff that MDOC policy prohibits access to such material and instead instructed Plaintiff to "contact the medical department" for a meeting with a medical provider for any and all medical concerns.

10.) Defendant Weddle agreed to assist Plaintiff with research materials on any topic other than medical related issues.

11.) Plaintiff filed a timely first-level grievance with Defenadant Mathiau on or about March 21, 2018.

12.) Defendant Mathiau denied Plaintiff's first-level grievance on or about April 01, 2018 stating: "If you wish to receive information related to any medical concerns or questions, you need to submit a written request for a meeting with the medical provider."

13.) Plaintiff has pending litigation against the medical providers at MDOC for medical mistreatment.  Thus, this prohibition on medical reference material forces Plaintiff to rely solely on the advice of the very same people he is currently sueing, for assistance in bringing his claims to court.

14.) Plaintiff filed a timely Level-I appeal with Defendant Liberty on or about April 04, 2018.

15.) Defendant Liberty denied Plaintiff's Level-I appeal stating: "I concur with the Level I response provided by the Grievance Review Officer." (dated 05/10/18)

16.) Plaintiff filed a timely Level-II appeal with Defendant Thornell on May 16 2018 and stated "Censoring medical reference material is a blatent First Amendment violation."

17.) Defendant Thornell denied Plaintiff's Level-II appeal stating: "The responses you received at the lower levels are correct.... your grievance is denied" on or about June 20, 2018.

18.) Plaintiff has exhausted his available administrative remedies for this issue.

19.) Plaintiff seeks reasonable access to medical research material to learn more about his health issues and to assist him in advocating for better medical care and treatment.

20.) The conduct above complained of constitutes unreasonable and unconstitutional interference with and infringement on Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.  Among other things:

a) Said practice, which purports to prohibit the dissemination of materials which relate to "medical concerns  or questions," is vague, unintelliigible, overbroad, and totally unrelated to the constitutional standards which must be observed before prison officials can regulate the exercise of First Amendment rights.

b) Said practice, which purports to prohibit the dissemination of materials which relate to "medical concerns or questions," constitutes a restriction on the exercise of First Amendment Rights which is totatally unrelated to any legitimate peniological interest.

21.) Plaintiff has been informed by defendants that defendants will employ the restrictions and censorship above complained of to interfere with, disrupt and supress the proposed exercise by Plaintiff of his rights guaranteed under the First and Fourteenth Amendments.  Plaintiff has no adequate remedy at law, and unless this Court grants the injunctive and declaratory relief herein requested, Plaintiff will be unable to exercise his rights and will be irreparabl damaged.

COUNT II

Î-19.) Plaintiff repeats and realleges Paragraphs 1 through 19 of Count I as Paragraphs 1 through 19 of Count II.

20.) The enactment and enforcement of the foregoing ordinances are arbitrary, capricious, and particularly directed against Plaintiff and his ideas and concepts in violation of plaintiffs rights to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

21.) Plaintiff repeats and realleges the allegations of Paragraph 21 of Count I as Paragraph 21 of Count II.


WHEREFORE, Plaintiff prays that this Court will issue:

1.) Preliminary and permanent injunctions enjoining and restraining the enforcement of the practice above complained of;

2.) Preliminary and permanent injunctions enjoining and restraining defendants from further interference with plaintiff's exercise of his rights to freedom of speech and of the press;

3.) A declaratory judgment adjudging said regulation null and void;

4.) Such other and further relief as to this Court shall seem just and equitable.


Dated:  June 29, 2018


Nicholas A. Gladu
Maine State Prison
807 Cushing Rd.
Warren, ME 04864

VERIFICATION

I have read the foregoing Complaint against Maine Dep't of Correction, et als., and know its contents, and hereby swear it to be true under penalty of perjury.

Executed this 29th day of June 2018.


Nicholas A. Gladu
MDOC# 21853
Maine State Prison
807 Cushing Rd.
Warren, ME 04864