UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLAS A. GLADU,           )
                             )
        Plaintiff            )
                             )    1:18-cv-00268-GZS
v.                           )
                             )
MAINE DEPARTMENT OF          )
CORRECTIONS, et al.,         )
                             )
        Defendants           )

**RECOMMENDED DECISION
AFTER REVIEW PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

Plaintiff, an inmate in the custody of the Maine Department of Corrections, commenced this action with a complaint in which he alleged that Defendants violated his constitutional rights because they denied him access to medical literature through the library service at the Maine State Prison.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted (ECF No. 5). In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]

---

[1] In his complaint, Plaintiff asserts that he initiated this action on his behalf and "on behalf of others similarly situated." "The federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450 – 51

On September 13, 2018, I recommended the Court dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, because the United States Constitution does not require that Defendants provide inmates with a medical reference library. (Recommended Decision, ECF No. 9.) On September 24, 2018, Plaintiff filed an amended complaint.[2] (ECF No. 10.) In his amended complaint, Plaintiff supplements his pleadings to allege that the prison library participates in the inter-library loan system, through which system he could access medical reference material, but Defendants continue to deny him access to medical literature.

Because Plaintiff potentially asserts a claim distinct from the claims asserted in the original complaint, the Recommended Decision is withdrawn. Upon review of the original complaint and the amendment to the complaint, I recommend the Court dismiss all claims except Plaintiff's mail-related claim regarding access to medical reference material.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss

---

(7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654). As a pro se litigant, Plaintiff cannot represent other prisoners in this court, though he may provide advice and assistance to his fellow inmates on their legal matters. *Id.*; *see also Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010); *Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009); *Fowler v. Lee*, 18 Fed. App'x 164, 165 (4th Cir. 2001) (per curiam) ("It is plain error for a pro se inmate to represent other inmates in a class action."). Plaintiff, therefore, cannot assert the claim on behalf of other individuals. In this recommended decision, therefore, I have assessed Plaintiff's individual claim.

[2] Because Plaintiff is proceeding in forma pauperis, Plaintiff did not serve his complaint on Defendants before the Court issued the Recommended Decision. Under the circumstances, Plaintiff is entitled to amend his complaint. Even after service of the complaint, Plaintiff would be entitled to amend his complaint once as a matter of course, subject to certain time constraints. Fed. R. Civ. P. 15(a).

the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint, as amended, is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a

3

claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

In his original complaint, Plaintiff alleged that he asked the librarian at the Maine State Prison, Defendant Weddle, to provide him with "medical reference materials" related to specific medical conditions, that Defendant Weddle denied his request and advised him to request a consultation with the medical department, and that Defendants Mathiau, Liberty and Thornell upheld Defendant Weddle's decision in the context of Plaintiff's related grievance. (Complaint ¶¶ 9 – 17.) Plaintiff suggested the requested information is related to his pending litigation regarding the quality of the medical care he has received while incarcerated. (*Id*. ¶13.) Plaintiff specifically asserted that the medical reference materials are necessary "to assist him in advocating for better medical care and treatment." (*Id.* ¶ 19.)

In his amendment, Plaintiff alleges Defendants will not permit Plaintiff to obtain medical reference material through the inter-library loan system, and will not permit him to receive or purchase the material from a third party. (Am. Compl. ¶ 5.) Plaintiff contends the prison denied access due to "a blanket ban on any and all medical or mental health reference material" because, according to prison officials, access to such material "leads to

4

prisoners making demands for unnecessary testing and treatment," or "us[ing] medical research as a way to fake symptoms in order to obtain drugs." (*Id.* ¶¶ 6, 7.)

## DISCUSSION

In *Bounds v. Smith*, the Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). In *Lewis v. Casey*, the Supreme Court observed that "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury [for purposes of standing to sue] simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. 343, 351 (1996).

In his original complaint, Plaintiff did not cite, and research did not reveal, legal precedent establishing that the Constitution requires prison administrators to provide inmates with a medical reference library as part of the prison's obligation "to assist inmates in the preparation and filing of meaningful legal papers" as contemplated by *Bounds*. In fact, in *Lewis*, the Supreme Court made clear that a prison was not required to "enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." *Id.* at 354 (emphasis in original). In addition, even if providing access to medical literature is deemed in some instances to be within a prison's obligation to assist inmates in the preparation of their legal matters, Plaintiff has failed to allege any facts that would support the conclusion

5

that the lack of access to medical information has "hindered" his ability to pursue a legal claim. *Id.* at 351.

Plaintiff's amendment, however, is arguably not premised on the contention that the First Amendment requires the Maine Department of Corrections to provide inmates with a medical reference library. Plaintiff alleges that Defendants have imposed a ban on his ability to obtain medical reference material through the mail from sources other than the Department of Corrections.

"[T]he constitutional validity of prison practices that impinge upon a prisoner's rights with respect to [incoming] mail," *Brewer v. Wilkinson*, 3 F.3d 816, 824 (5th Cir. 1993), is determined by whether or not the practice is "reasonably related to a legitimate penological interest," *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Whether the alleged restriction on access through the mail to medical reference material "is reasonably related to a legitimate penological interest" cannot be determined at this stage of the proceeding. Plaintiff thus has asserted a plausible claim regarding the limitation on his access to medical reference materials through the mail.

## Conclusion

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's claims, except for Plaintiff's mail-related claim regarding his access to medical reference material.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of October, 2018.